UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON ALBERT GONZALEZ,

Plaintiff,

v.

KEVIN SHIREY,

Defendant.

_______________________________________/

CASE NO. 1:14-cv-1768 LJO BAM

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND
(ECF No. 1)

THIRTY-DAY DEADLINE

**SCREENING ORDER**

Plaintiff Jason Gonzalez ("Plaintiff"), a state prisoner proceeding pro se and informa pauperis, filed this breach of contract agreement against Defendant Kevin Shirey ("Defendant"). The Court previously granted Plaintiff's application to proceed informa pauperis, thus requiring the Court to review the sufficiency of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) in due course. Plaintiff's Complaint is currently before the Court for screening.

**Screening Requirement**

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915A(a). Plaintiffs' Complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While persons proceeding pro se actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**Plaintiff's Allegations**

Plaintiff alleges that on November 2, 2011, he entered into a rental agreement with Defendant Kevin Shirey for housing at Mr. Shirey's sober living center. (Doc. 1). Plaintiff was given a tour of the facility and told that he would temporarily house in the tool shed that had been converted to an additional room. Plaintiff alleges, however, that the rental agreement guaranteed him access to a three bedroom house with full use of the kitchen, bathroom, and shower facilities. After several unsuccessful attempts to secure his room in the main house, Plaintiff left the facility.

Although unclear, Plaintiff alleges that at some time after his stay, Plaintiff asked Defendant Shirey to store his belongings for a period of one month. Plaintiff returned two-weeks later to discover that Defendant Shirey disposed of Plaintiff's personal belongings including his clothes, a

government issued cell phone, luggage, thirty-five dollars in cash, and a forty-five dollar bottle of Drakkar cologne.

Plaintiff demanded payment for this "breach of contract," but Defendant Shirey refused. Plaintiff's Complaint seeks compensatory damages and punitive damages in the amount of $250,000.00 for this breach of contract claim.

## DISCUSSION

### 1. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases in which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994). To proceed in federal court, Plaintiff's Complaint must establish the existence of subject matter jurisdiction. Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377, 114 S.Ct. at 1677. Lack of subject matter jurisdiction is never waived and may be raised by the court sua sponte. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594 595 (9th Cir. 1996). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988). There are two bases for original federal subject matter jurisdiction: 1) federal question jurisdiction and 2) diversity jurisdiction.

#### A. Plaintiff's Complaint Does Not State a Federal Claim

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v.*

*Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Here, Plaintiff alleges a single breach of contract claim. The allegations involve a lease agreement between Defendant Shirey and Plaintiff. The Complaint does not contain any allegation of a violation arising under the Constitution, laws, or treaties of the United States. Accordingly, the Court lacks federal question jurisdiction.

**B. The Amount in Controversy is Not Sufficient to Invoke Diversity Jurisdiction**

Aside from federal question jurisdiction, district courts also have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between:" (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332(a). Generally, in an action where subject matter jurisdiction is premised on the diversity statute, there must be complete diversity of the parties, which means that all of the plaintiffs have a different state of citizenship than all of the defendants. *See, e.g., Cook v. AVI Casino Enters., Inc.*, 548 F.3d 718, 722 (9th Cir. 2008).

Here, Plaintiff alleges that the amount in controversy is $250,000.00. However, even accepting that rather conclusory allegation, Plaintiff has not sufficiently alleged the parties' citizenship is completely diverse. Plaintiff, currently housed at Corcoran State Prison, is a citizen of California. The Complaint alleges that Defendant Shirey's home address is 1503 N. Delano. Fresno, CA 93728. The Complaint therefore alleges that Plaintiff and Defendant are California residents, which destroys the requisite "complete diversity" in this case. *Id*. Accordingly, this Court lacks diversity jurisdiction.

Plaintiff has failed to establish that federal question jurisdiction or diversity jurisdiction exists. Accordingly, the Court finds that Plaintiffs' Complaint does not allege subject matter jurisdiction and this Court does not have jurisdiction.

///

**CONCLUSION AND ORDER**

Plaintiff's Complaint fails to allege subject matter jurisdiction. However, the Court will provide Plaintiff with the opportunity to file a first amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty*., 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's first amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. For the foregoing reasons, the Court dismisses Plaintiff's Complaint for lack of federal subject matter jurisdiction;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint;
3. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed with prejudice for failure to state a claim.</u>

IT IS SO ORDERED.

Dated: **June 18, 2015**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE